# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

GLORIANNA MOORE,

    Plaintiff,

v.                                 CASE NO: 22-cv
                                   HONORABLE:

OAKLAND COUNTY, BRIAN WILSON, ERIC HIX, and DANIEL HEDRICK, in their individual and official capacities,

    Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-FAX<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **GLORIANNA MOORE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is currently a resident of the City of Warren, County of Macomb, State of Michigan.

2. Defendant OAKLAND COUNTY is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants BRIAN WILSON, ERIC HIX, and DANIEL HEDRICK are and/or were police officers working and/or assigned to the Oakland County Sheriff's Office and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Pontiac, County of Oakland, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On the morning of May 8, 2020, Plaintiff was driving a rented 2020 Nissan Versa in the City of Pontiac making food deliveries as part of her employment.

10. Defendant WILSON claimed that he saw Plaintiff's vehicle "circling" in a "high crime area," and unreasonably and without basis concluded that Plaintiff was engaged in suspicious behavior.

11. Defendant WILSON followed Plaintiff for approximately six blocks in his marked police squad before initiating a traffic stop of Plaintiff's vehicle, allegedly for speeding.

12. Plaintiff immediately pulled over her vehicle.

13. Defendant WILSON approached Plaintiff's driver's side window.

14. Upon information and belief, Plaintiff had removed her valid driver's license from her wallet and held it in her hand, ready to present it to Defendant WILSON.

15. After saying, "What's up, man?" and "license," Defendant WILSON immediately reached his hand inside Plaintiff's driver's side window.

16. Upon information and belief, Defendant WILSON gave no orders to Plaintiff, nor did he give her any opportunity to comply with any purported orders.

17. Without permission, warning, or justification of any kind, Defendant WILSON unlocked Plaintiff's driver's side door from the inside, opened the door from the outside, and began to forcefully and violently pull/drag Plaintiff out of her vehicle by her left arm, while Plaintiff screamed for help.

18. Defendants HIX and HEDRICK arrived and assisted Defendant WILSON in forcibly and violently dragging/pulling Plaintiff from her vehicle including, but not limited to, by Plaintiff's left arm, and placing her in handcuffs.

19. Defendants' use of force against Plaintiff during the subject incident was unreasonable and/or excessive.

20. Defendants then conducted a full search of Plaintiff's vehicle incident to her false and unlawful arrest.

21. During the unlawful search, Defendant WILSON stated he found several small pieces of an off-white substance on the passenger seat near the center console of Plaintiff's vehicle.

22. Defendant WILSON conducted field tests of the substance and stated that the substance tested positive for cocaine.

23. Despite the complete absence of probable cause, Plaintiff was charged with the following offenses arising out of the subject incident: (1) possession of cocaine; (2) resisting/obstructing/assaulting a police officer; and (3) operating a motor vehicle without a valid driver's license.

24. All of the criminal charges against Plaintiff arising from the subject incident were dismissed.

25. As a result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATIONS OF THE FOURTH AMENDMENT

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

28. At all relevant times herein, Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

29. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures including, but not limited to, Plaintiff's

5

right to be free from the use of objectively unreasonable force when they violently and forcefully dragged/pulled her from her vehicle by her left arm without any justification whatsoever, and Plaintiff's right to be free from arrest in the absence of probable cause.

30. At all relevant times alleged herein, Plaintiff had not committed, nor was she reasonably believed to have committed, a serious crime, did not pose any threat to Defendants nor anyone else, nor did she attempt to unlawfully resist or flee Defendants.

31. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

32. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

33. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of her constitutional rights.

34. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for

compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## OAKLAND COUNTY CONSTITUTIONAL VIOLATIONS

35. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

36. Defendant OAKLAND COUNTY acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

37. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise their police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable searches and seizures;

    c. Failing to supervise, review, and/or discipline police officers whom Defendant OAKLAND COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging their police officers to engage in such conduct; and

    d. Failing to adequately train and/or supervise their police officers in the proper policies and procedures for conducting reasonable searches and seizures.

    e. Failing to provide any training to its police officers in frequently occurring situations including, but not limited to, probable cause evaluations and the use of a force during arrest, such that the failure in training resulted in the highly predictable consequence of violations of citizens' constitutional rights.

38. The individual Defendants' violations of Plaintiff's constitutional rights in this case were so obvious and foreseeable that Defendant OAKLAND COUNTY's failure to adequately train its police officers in probable cause evaluations and the use of a force constitutes deliberate indifference to the rights of citizens with whom its police officers came into contact.

39. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

40. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

41. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

>Respectfully Submitted,
>CHRISTOPHER TRAINOR & ASSOCIATES
>
>**s/ Christopher J. Trainor**
>CHRISTOPHER J. TRAINOR (P42449)
>AMY J. DEROUIN (P70514)
>JONATHAN A. ABENT (P78149)
>Attorneys for Plaintiff
>9750 Highland Road
>White Lake, MI  48386
>(248) 886-8650
>shanna.suver@cjtrainor.com
>amy.derouin@cjtrainor.com
>jon.abent@cjtrainor.com

Dated:  May 31, 2022
*CJT/jaa*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GLORIANNA MOORE,

    Plaintiff,

v.                                                       CASE NO: 22-cv
                                                     HONORABLE:

OAKLAND COUNTY, BRIAN WILSON, ERIC HIX, and DANIEL HEDRICK, in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-FAX<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

**<u>DEMAND FOR TRIAL BY JURY</u>**

1

**NOW COMES** Plaintiff, **GLORIANNA MOORE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

<u>s/ Christopher J. Trainor</u>
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated: May 31, 2022
*CJT/jaa*

2