# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GLORIANNA MOORE,

    Plaintiff,

v.

OAKLAND COUNTY, BRIAN WILSON, ERIC HIX, and DANIEL HENDRICK, in their individual and Official capacities,

    Defendants.

_____/

Case No. 22-11187
Hon. Denise Page Hood

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 40]

### I.    INTRODUCTION

Now, before the Court, is Defendants', Oakland County, Brian Wilson, Eric Hix, and Daniel Hendrick, Motion for Summary Judgment as to all claims brought by Plaintiff, Glorianna Moore. [ECF No. 40]. The motion is fully briefed. See [ECF Nos. 48 and 49].

### II.   BACKGROUND

The parties to this matter disagree on several details surrounding the events giving rise to this dispute. Therefore, the facts will be taken from the Complaint [ECF No. 1] and Defendant Brian Wilson's dash camera video. [ECF No. 40-4].

See *Bell v. Korkis*, No. 2:19-CV-13565, 2024 WL 69807, at *4 (E.D. Mich. Jan. 5, 2024) ("Where, as here, there is video evidence of the events underlying Plaintiff's allegations, a court views the facts as depicted in the video.")

The parties agree, however, that on May 8, 2020, Plaintiff was pulled over by Defendant Brian Wilson of the Oakland County Sherriff's Office. The parties also agree that Defendant Wilson approached Plaintiff's vehicle and requested Plaintiff's license. It is further undisputed that Plaintiff refused to hand over her license. When Defendant Wilson told Plaintiff to step out of the car, Plaintiff, again, refused. Plaintiff was arrested and additional officers (Defendant's Hix and Hendrick) arrived on the scene to assist Defendant Wilson with apprehending Plaintiff. Plaintiff does not deny that she did not exit the vehicle willingly. The parties do not disagree that force was used to arrest Plaintiff.

The parties dispute whether or not Defendant Wilson had a valid basis for stopping Plaintiff in the first place. Defendant Wilson testified that he stopped Plaintiff for speeding – driving 50 mph in a 35 mph zone – after observing Plaintiff's vehicle going in and out of a parking lot. Plaintiff testified that she did not know whether or not she was speeding.

The dash camera video shows that Defendant Wilson trailed Plaintiff's vehicle while traveling down the street. At some point, Defendant Wilson signaled

2

to Plaintiff that she was being stopped. Plaintiff immediately slowed down and turned onto a side street. Defendant Wilson exited his vehicle and approached Plaintiff's driver side window. Plaintiff rolled her window down and Defendant Wilson reached his right hand into the car demanding Plaintiff's license. Plaintiff can be heard saying "no, what am I being stopped for." At that time, Defendant Wilson demanded that Plaintiff step out of the car while he simultaneously began trying to open her car door, first from the outside and then reaching inside the vehicle to seemingly pop the lock. Once Defendant Wilson is inside, Plaintiff can be seen leaning away from Defendant Wilson as he attempts to restrain her. Defendant Wilson put Plaintiff in a restraining position where he held her left arm back with his left arm while pushing her head down towards her car door. During this time, Defendant Wilson radioed for back up.

About one minute after Defendant Wilson began restraining Plaintiff, Defendants Hix and Hendrick arrived on the scene. Defendants Hix and Hendrick can be seen assisting Defendant Wilson with removing Plaintiff from the vehicle. Defendant Wilson can be seen searching Plaintiff's vehicle and later tells another officer that drugs were found on the seat.

### III. PROCEDURAL HISTORY

On May 31, 2022, Plaintiff filed this action against Defendants. [ECF No. 1]. The Complaint alleges two counts of wrongdoing against the defendants: Count 1 – Violations of the Fourth Amendment and Count 2 – Constitutional Violations by Oakland County. *Id*. Plaintiff's claims are essentially 42 U.S.C. 1983 claims arising out of the traffic stop and arrest explained above. On November 17, 2023, Defendants filed the instant Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as to all counts of the Complaint. [ECF No. 40].

Defendants claim that this matter should be dismissed because they enjoy qualified immunity for Plaintiff's claims of unreasonable search and seizure and excessive force. Defendants further argue that there is no *Monell* liability because Plaintiff has not shown that Oakland County failed to train/supervise the officers or that it has maintained a custom of tolerance.

IV. **ANALYSIS**

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

4

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A). "As the party moving for summary judgment, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Courts "must accept Plaintiff's evidence as true and draw all reasonable inferences in her favor[.]" *Id*. The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.[1]

### A. Fourth Amendment Violations

Plaintiff alleges that the Officer Defendants violated her Fourth Amendment "right to be free from unreasonable searches and seizures." ECF No. 1, PageID.5]. Plaintiff further alleges that the Officer Defendants violated her "right to be free

---

[1] Defendants cite *Scott v. Harris*, 550 U.S. 372, 380 (2007) in support of its argument urging the Court to refrain from adopting Plaintiff's version of the facts at hand as required by Rule 56. [ECF No. 40, PageID.214]. Upon reviewing all briefing and exhibits thereto, it is clear that both parties have an exaggerated recollection of the facts. Defendants' contention that Plaintiff's version of the facts is blatantly contradicted by the record is quite circular because Defendants' version of the facts is also not supported by the record evidence, more specifically the dash cam video. In line with the spirit and requirements of Rule 56, the Court adopts Plaintiff's version of the facts to the extent they are in line with the video evidence provided.

from the use of objectively unreasonable force[.]" *Id.* at PageID.6. Indeed, the Fourth Amendment was designed to protect citizens, like Plaintiff, from unreasonable searches and seizure. U.S. Const. amend. IV. Defendants argue that they are entitled to qualified immunity because Plaintiff's arrest was objectively reasonable under the circumstances where probable cause existed for Defendant Wilson to seize Plaintiff.

### 1. Qualified Immunity

"Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action…assessed in the light of the legal rules that were clearly established at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The protection of qualified immunity is not shaken by "bad guesses in gray areas" but by actions which violate bright lines of constitutional protections. *Maciariello v. Sumner*, 973 F2d 295, 298 (4th Cir.1992). Therefore, "qualified immunity gives ample room for mistaken judgments by protecting all but the plainly incompetent of those who knowingly violate the law." *Pollard v. City of Columbus*, 780 F. 3d 395, 402 (6th Cir. 2015).

### a. Traffic Stop

Defendant Wilson testified that he stopped Plaintiff for speeding the day of the encounter. [ECF No. 40-3, PageID.287]. Specifically, Defendant Wilson testified that he paced Plaintiff traveling at 50-mph in a 35-mph zone. [ECF No. 40, PageID.217]. Plaintiff does not deny that she was speeding. In fact, Plaintiff testified that she did not know whether or not she had been speeding at the time of the stop. [ECF No. 40-5, PageID.342]. The only evidence that is provided as to the speed of Plaintiff's car is the police report dictated by Defendant Wilson and his testimony. [ECF No. 40-2, PageID.243; ECF No. 40-3, PageID.287]. Plaintiff correctly points out that Defendant Wilson testified that his dash camera video would show that he was passing Plaintiff at more than 50 miles per hour, which it does not. [ECF No. 48, PageID.542]. Nevertheless, it is undisputed that exceeding the speed limit while driving on a highway is a traffic offense in the State of Michigan. Mich. Comp. Laws § 257.627(9). Based on that fact alone, the Court can conclude that Defendant Wilson had a valid basis for stopping Plaintiff's vehicle. *Spencer v. Arrowood*, No. 16-CV-10417, 2017 WL 2904325, at *2 (E.D. Mich. July 7, 2017); see also *United States v. Hill*, 195 F.3d 258, 265 (6th Cir. 1999). "[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resultant stop is not unlawful and does not violate the Fourth Amendment." *United States v. Davis*, 430 F.3d 345, 352 (6th Cir.2005) (citing *United States v. Bradshaw*, 102 F.3d 204, 210 (6th Cir.1996)).

7

Therefore, to the extent that Plaintiff Fourth Amendment claim pertains to the traffic stop, Summary judgment is granted.

### b. Arrest

Plaintiff argues that her Fourth Amendment rights were violated when Defendant Wilson, later assisted by Defendants Hix and Hendrickson, arrested Plaintiff. The Defendants do not dispute that Plaintiff possessed a valid driver's license. [ECF No. 40, PageID.218; ECF No. 48, PageID.555]. Further, the parties agree that Plaintiff's failure to provide Defendant Wilson with her license was the basis for her arrest. *Id*. Therefore, the question of whether Plaintiff was falsely arrested turns on whether Defendant Wilson had probable cause to arrest Plaintiff for failing to provide him with her license or otherwise identify herself.

Defendants argue that Plaintiff is collaterally estopped from bringing this claim because Plaintiff was afforded an opportunity to contest probable cause at a preliminary hearing, which she did, and the examining judge found probable cause. [ECF No. 40, PageID.220-21 quoting *Coogan v. City of Wixom*, 820 F.2d 170, 174-75 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir.2001)]. Collateral estoppel applies when (1) there is identity of parties across the proceedings, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated and necessarily determined in

8

the first proceeding, and (4) the party against whom the doctrine is asserted has a full and fair opportunity to litigate the issue in the earlier proceeding. *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir.2001).

Plaintiff argues that the rule of issue preclusion is not absolute. [ECF No. 48, PageID.558]. Instead, Plaintiff asserts that while generally, a probable cause finding by a state court precludes a § 1983 false-arrest claim, such preclusion can be overcome if a plaintiff can show that the record taken in the light most favorable to [the plaintiff], could support a jury finding that [the] officers knowingly or recklessly made material false statements sufficient to rebut the state court's finding. *Id*. quoting *Parnell v. City of Detroit*, 786 Fed. Appx. 43, 47 (6th Cir. 2019).

In furtherance of Plaintiff's argument that she is not collaterally estopped from bringing her false-arrest claim, she points to several statements made by Defendant Wilson during the preliminary hearing which she believes rise to the level of overcoming preclusion. [ECF No. 48, PageID.558-59]. Nevertheless, Plaintiff ignores the fact that the presiding judge, Judge Martinez of the 50th Judicial District Court in Oakland County, based her finding of probable cause not on the statements made by Defendant Wilson but on the dash camera video of the encounter. [ECF No. 49, PageID.893; ECF No. 40-12, PageID.499]. Therefore, Plaintiff has not overcome the preclusive effect of the preliminary examination on

9

her ability to maintain the § 1983 false-arrest claim. Summary judgment is granted in favor of all Defendants on this count.

### c. Excessive Force

It is well-established that a police officer may only use that degree of force necessary to complete the arrest. *Monday v. Oullette*, 118 F.3d 1099. The parties agree that *Graham v. Connor*, 490 U.S. 386 (1989) provides the applicable standard for determining whether or not an officer has gone beyond the scope of reasonableness in effectuating an arrest. [ECF No. 40, PageID.223; ECF No. 48, PageID.560]. Such factors include: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of officers or others, and (3) whether she is actively resisting arrest. *Graham v. Connor*, 490 U.S. 386, 396-397 (1989). The *Graham* factors are not dispositive, and courts should consider the totality of the circumstances in determining whether there has been a Fourth Amendment violation. *Id*.

Plaintiff asserts that the Defendant Officers used excessive force, in violation of her Fourth Amendment rights, when they "violently and forcefully dragged/pulled her from her vehicle by her left arm[.]" [ECF No. 1, PageID.6]. Plaintiff further claims that "[a]t all relevant times alleged herein, Plaintiff had not committed, nor was she reasonably believed to have committed, a serious crime,

did not pose any threat to Defendants, nor anyone else, nor did she attempt to unlawfully resist or flee Defendants." *Id*. Therefore, she asserts that the actions taken by Defendants were objectively unreasonable and resulted in significant injuries to Plaintiff. *Id*.

### i. Defendant Wilson

Defendants contend that Defendant Wilson only used the amount of force necessary to restrain Plaintiff in her vehicle until backup arrived to effectuate the arrest. [ECF No. 40, PageID.227]. Defendants assert that Defendant Wilson is entitled to qualified immunity for his actions.

The Supreme Court noted in *Graham* that "Fourth Amendment jurisprudence has long recognized a right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. However, considering the totality of the circumstances presented here, there remains a question of fact as to whether Defendant Wilson went beyond the bounds of reasonableness in arresting Plaintiff.

Defendants assert that Plaintiff was arrested for obstructing police, a non-violent, non-serious offense. See *Thomas v. Plummer*, 489 Fed. Appx. 116, 125-26 (6th Cir. 2012). Indeed, the record reveals that Plaintiff resisted arrest when she

11

refused to exit the car. However, the video evidence confirms that Defendant Wilson simultaneously attempted to open Plaintiff's car door from the outside while making the demand that she exit the car. While Defendant Wilson argues that Plaintiff's movement toward the center console presented a potential danger to himself and Plaintiff, the video footage makes clear that Plaintiff did not make any such movement until Defendant Wilson quickly began grabbing at Plaintiff through the window and seemingly popping the lock on her vehicle. It seems relevant to note that this event occurred on May 8, 2020, a time when racial tensions and tension between the police and civilians were high. Upon gaining access to Plaintiff's vehicle, Defendant Wilson proceeds to restrain Plaintiff by holding her left arm backwards while pushing her head toward the car door. Initially it was unclear whether Plaintiff still had her seatbelt on at the time of this restraint, however, it becomes clear that she remained belted until assisting officers arrived to take her out of the vehicle. Plaintiff is held in that position for at least fifty seconds before another officer arrives on the scene. The encounter took about five seconds before it escalated to Plaintiff being restrained. Plaintiff alleges to have sustained injuries to her neck, left shoulder, and left arm. [ECF No. 48, PageID.546]. She also alleges psychological injuries such as exacerbated PTSD, anxiety, and depression. *Id*.

Based on these circumstances, a reasonable juror could find that Plaintiff's Fourth Amendment rights were violated. Summary judgment is denied as to Defendant Wilson on Plaintiff's claim for excessive force.

### ii. Defendants Hix and Hendrick

Defendants argue that the only force utilized by Hix and Hendrick involved assisting Plaintiff to a standing position out of her vehicle and placing handcuffs on her. This is confirmed by the video evidence. Consequently, Plaintiff does not point to any specific actions by Defendants Hix or Hendrick which would constitute excessive force. Plaintiff merely states "Defendants Hix and Hendrick do not argue that they did not use force against Ms. Moore, only that such force was justified." [ECF No. 48, PageID.567]. With nothing more, Plaintiff cannot maintain a claim of excessive force against Defendants Hix and Hendrick. Summary judgment is granted as to Defendants Hix and Hendrick on this claim.

### 2. Municipal Liability

Finally, Plaintiff claims that Defendant Oakland County acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff. These actions include:

a. Failing to adequately train and/or supervise their police officers so as to prevent violations of citizen's constitutional rights;

b. Failing to adequately train and/or supervise police officers regarding reasonable searches and seizures;

c. Failing to supervise, review, and/or discipline police officers whom Defendant Oakland County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging their police officers to engage in such conduct;

d. Failing to adequately train and/or supervise their police officers in the proper policies and procedures for conducting reasonable searches and seizures; and

e. Failing to provide any training to its police officers in frequently occurring situations including, but not limited to, probable cause evaluations and the use of force during arrest, such that the failure in training resulted in the highly predictable consequence of violations of citizens' constitutional rights.

[ECF No. 1, PageID.8].

"A municipal policy that causes a plaintiff's constitutional injury may serve as the basis for § 1983 liability." *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 286 (6th Cir. 2020)To prevail on this claim, Plaintiff must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3)

14

show that their particular injury was incurred due to the execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Plaintiff cites *Ouza v. City of Dearborn Heights*, 969 F.3d 265 (6th Cir. 2020) for the proposition that "a plaintiff can show deliberate indifference based on 'single-incident liability' if the risk of the constitutional violation is so obvious or foreseeable that it amounts to deliberate indifferent [sic] for the city to fail to prepare its officers." Plaintiff argues that it is obviously foreseeable that police officers will be required to conduct traffic stops, interact with stopped drivers, and request identification from the same making the County's alleged failure to train its officers a gross violation of Plaintiff's Fourth Amendment rights. [ECF No. 48, PageID.568-69].

Defendant Oakland County disagrees. Instead, it argues that Plaintiff is required to establish a pattern or "prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." [ECF NO. 49, PageID.901 citing *Burgess v. Fischer*, 735 F3d 462, 478 (6th Cir.2013)].

Plaintiff's application of *Ouza* is misplaced. There, the Court held that the facts represented one of the narrow situations where a plaintiff may be able to

15

show that the city's failure to train officers resulted in Fourth Amendment violations. *Ouza*, 969 F.3d at 288. There, the defendant officers admitted that they had not been specifically trained in handcuffing beyond what they had learned in the police academy. *Id*. Further, there had been no training as to excessive force or probable cause, the very complaints plaintiff had. *Id*. The city did not provide any evidence that it did, in fact, evaluate, review, and monitor the conduct of its officers. *Id*. at 289. Based on those distinguishable facts, the court concluded that summary judgment was inappropriate.

The same is not true here. Defendant Oakland County has provided training records for each officer involved, which includes training for booking and intake. Plaintiff has not provided any evidence showing that Defendant Oakland County violated her constitutional rights through deliberate indifference besides her own subjective view of her situation. Therefore, summary judgment is granted as to Defendant Oakland County.

## V. CONCLUSION

Summary Judgment is GRANTED as to Defendants Hix, Hendrick, and Oakland County on all counts. Summary judgment is DENIED as to Defendant Wilson on the claim for excessive force. Otherwise, summary judgment is GRANTED as to Defendant Wilson.

In light of the foregoing,

**IT IS SO ORDERED** that Defendants' Motion for Summary Judgment [ECF No. 40] is GRANTED as to Defendant Eric Hix.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [ECF No. 40] is GRANTED as to Defendant Daniel Hendrick.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [ECF No. 40] is GRANTED as to Defendant Oakland County.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment is DENIED as to Defendant Brian Wilson on the claim of excessive force. Summary judgment is otherwise GRANTED as to Defendant Brian Wilson.

**SO ORDERED.**

s/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated: June 14, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on June 14, 2024, by electronic and/or ordinary mail.